IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Case Nos. **10-CR-30053-04-MJR** **10-30136-MJR** |
| **THADIUS PAGE**, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court are two interrelated motions to determine Defendant Page's funds pursuant to 18 U.S.C. § 3006A(f), filed by the Government in two interrelated cases: *United States v. Thadius Page*, Case No. 10-30053-04-MJR (Doc. 171); and *United States v. Thadius Page*, Case No. 10-30136-MJR (Doc. 27).

### 1. Procedural History

On April 5, 2010, Defendant Thadius Page was arraigned in Case No. 10-30053-MJR, in which Page was charged with Conspiracy to Commit Dog Fighting, in violation of 7 U.S.C. § 2156(a)(1). At that time, Page executed a sworn financial affidavit (Doc. 23), upon which Magistrate Judge Donald G. Wilkerson relied in finding Page financially unable to retain counsel. A Criminal Justice Act Panel (CJA) attorney was appointed to represent Page in the dog fighting case (Doc. 24).

On August 3, 2010, Page was indicted in Case No. 10-30136 for Perjury, in violation of 18 U.S.C. § 1621, for making false statements about his income and assets in the financial

1

affidavit he submitted in the dog fighting case. Page did not file a second financial affidavit in the perjury case (for obvious Fifth Amendment reasons). Rather, referencing his finding in the dog fighting case, Judge Wilkerson appointed another CJA attorney to represent Page in the perjury case (Doc. 9).

Page has now pleaded guilty in both cases. In light of Page's admittedly false financial affidavit, the Government now seeks reimbursement of the cost of representation in both cases, pursuant to 18 U.S.C. §§ 3006A(c) and (f). Page only filed a response in the dog fighting case (Doc. 198). Oral argument was heard on May 19, 2011. Whether any reimbursement would be made a part of Page's sentences was also addressed. At the conclusion of oral argument, the Court orally ruled that the Government's motions were granted, in that Page was found to have the current ability to reimburse the United States Treasury for the cost of his CJA representation, and reimbursement would not be made a part of Page's sentences. Now that the final cost of Page's CJA representation has been calculated, and after an opportunity for input from the parties, the Court now reiterates its rationale for reimbursement and prescribes the terms of reimbursement.

## 2. Findings of Fact and Conclusions of Law

The essential facts are undisputed. In the dog fighting case, No. 10-30053-04-MJR, Defendant Page requested the appointment of counsel, and attorney Rodney Holmes was appointed to represent Page in accordance with 18 U.S.C. § 3006A(a), due to Page's purported inability to afford counsel, as evinced by his financial affidavit. In the perjury case, No. 10-30136-MJR, Page did not formally request the appointment of counsel, nor did he submit an additional financial affidavit– to have done so would have either proved the perjury charge, or subjected him to additional criminal liability. However, Page also did not waive counsel. Therefore, in accordance

with Section 3006A(1)(b), the Court properly appointed attorney Paul Sims to represent Page in the perjury case. In the dog fighting case, $4,287.50 was expended from the Treasury for CJA representation, before Page retained counsel. (Doc. 77). In the perjury case, $6,389.14 was expended from the Treasury for CJA representation. (Doc. 42).

> Title 18 U.S.C. § 3006A(c) provides in pertinent part:
>
> If at any time after the appointment of counsel...the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice dictate.

Title 18 U.S.C. § 3006A(f) further provides:

> Whenever ...the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney...or to the court for deposit in the Treasury as a reimbursement to the appropriation. . . .

Thus, the Court has authority to order reimbursement for the cost of representation, if the Court finds that the defendant is currently able to make such a payment. *U.S. v. Allen,* 596 F.2d 227, 232 (7th Cir. 1979) (Section 3006A(f) gives the Court authority to order reimbursement); *U.S. v. Jiminez*, 600 F.2d 1172, 1174 (5th Cir. 1979) (Sections 3006A(c) and (f) are drafted in terms of current ability to pay). It is the defendant's burden to prove his financial inability to retain counsel. *U.S. v. Lefkowitz*, 125 F.3d 608, 621 (8th Cir. 1997).

Page's false financial affidavit indicated that Page earned $7,000 per year as a substitute teacher, and he owned property valued at no more than $7,000. However, the Government has produced uncontroverted evidence that Page owns multiple properties with a total value of approximately $397,756. (*See* 10-30136 Doc. 27-1--27-4). Based on a public records search,

3

Probation valued Page's many properties at $770,985. (Doc. 184, pp. 22-23). Page refused to provide Probation with any financial information and he did not sign a release so a credit report could be obtained. However, it is noted that Page retained a team of attorneys to represent him in the dog fighting case. Therefore, the preponderance of the evidence supports the conclusion that Page could always afford counsel, and there is nothing to suggest that Page does not currently have the ability to fully reimburse the Treasury for the $10,676.64 expended for his representation in the two cases.

**IT IS THEREFORE ORDERED** that the Government's motions to determine Defendant Page's funds pursuant to 18 U.S.C. § 3006A(f), filed in *United States v. Thadius Page*, Case No. 10-30053-04-MJR (Doc. 171), and *United States v. Thadius Page*, Case No. 10-30136-MJR (Doc. 27) are both **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before **August 1, 2011**, Defendant Thadius Page shall pay **$4,287.50** to the Clerk of Court for deposit in the United States Treasury, as reimbursement for his CJA legal representation in Case No. 10-30053-04-MJR. A check should be made payable to the Clerk of the U.S. District Court, and should be sent to the Clerk of Court, Attn: Financial Dept., U.S. District Court, 750 Missouri Avenue, East St. Louis, IL 62201. The case number should also be noted on the check.

**IT IS FURTHER ORDERED** that, on or before **August 1, 2011**, Defendant Thadius Page shall pay **$6,389.14** to the Clerk of Court for deposit in the United States Treasury, as reimbursement for his CJA legal representation in Case No. 10-30136-MJR. A check should be made payable to the Clerk of the U.S. District Court, and should be sent to the Clerk of Court, Attn: Financial Dept., U.S. District Court, 750 Missouri Avenue, East St. Louis, IL 62201. The case

number should also be noted on the check.

Failure to pay as ordered will result in contempt proceedings and/or the entry of a judgment lien against Defendant's property.

**IT IS SO ORDERED.**

**DATED: June 8, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**